CAPITOL SAVINGS BANK,
FSB, Respondent,

Mercantile Bank of Central
Missouri, Respondent,

v.

Dorothy SNELSON, the duly appointed
personal representative of Vacil
Allen, Deceased, Appellant,

Kenneth W. Allen and Carleen S. Wood,
the duly appointed personal represen-
tatives of Vacil Allen, Deceased, Re-
spondent.

No. WD 55606.

Missouri Court of Appeals,
Western District.

Aug. 24, 1999.

Dennis J.C. Owens, Kansas City, for Appellant.

P. Pierre Dominique, Jefferson City, for Respondent Capital Savings Bank.

McDorman, Versailles, for Respondent Mercantile Bank of Central Missouri.

Ronald K. Carpenter, Camdenton, for Respondent Kenneth W. Allen.

Before LAURA DENVIR STITH, P.J., LOWENSTEIN and RIEDERER, JJ.

ALBERT A. RIEDERER, Judge.

Dorothy Snelson appeals from the trial court's judgment granting her a one-half interest and her niece and nephew, Carleen Wood and Kenneth Allen, a one-half interest in each of two certificates of deposit. Finding that Snelson owned both certificates of deposit in joint tenancy with right of survivorship with her late brother at the time of his death, we hold that Snelson is the owner of the full amount of the proceeds of both certificates of deposit.

### Factual Background

Logan and Maude Allen· were the parents of Dorothy Avonelle Snelson and Vacil Allen. On March 28, 1991, Mercantile Bank of Central Missouri issued certificate of deposit ("CD") number 40980 in the amount of $31,000.00. On its face, the CD listed as "DEPOSITOR(S)" the following persons: "Logan Allen or Maude Allen as Co–Trustees for: Vacil Allen and Dorothy Snelson...." Also printed below the "DEPOSITOR(S)" section was this statement: "if more than one of you are named above, you will own this certificate as joint tenants with right of survivorship (and not as tenants in common). (You may change this ownership by written instructions)." On August 5, 1994, another CD, number 61336, was issued by Mercantile in the amount of $41,000.00. The face of CD # 61336 were the words, "THIS CERTIFICATE EVIDENCES A DEPOSIT IN THE NAME(S) OF: Logan Allen or Vacil Allen and Avonelle Snelson...." A box was checked on CD # 61336 signifying it as a "Joint Account – With Right of Survivorship," and another box denoting "Non–Spousal" was checked as well.

By September 5, 1995, Maude Allen had died. On that date, Mercantile Bank, at the written direction of Logan Allen, removed Logan Allen's name from both CD's. On CD # 40980, the bank drew a line through the words "Logan Allen or Maude Allen as Co–Trustees for: Vacil Allen and Dorothy Snelson," and it typed in the words "Dorothy Avonelle Snelson or Vacil L. Allen." CD # 40980, as altered, still contained the provision: "if more than one of you are named above, you will own this certificate as joint tenants with right of survivorship (and not as tenants in common). (You may change this ownership by written instructions)." On CD # 61336, the bank drew a line through the words "Logan Allen or" and replaced the "and" with "or" so that the certificate thereafter

read, "Vacil Allen or Avonelle Snelson." Also added to both certificates were the words "TWO SIGNATURES REQUIRED FOR WITHDRAWAL." The re-titling occurred in the presence of both Dorothy Snelson and Vacil Allen.

One year later, on September 5, 1996, Vacil Allen, while hospitalized, executed a durable power of attorney designating his son and daughter, Kenneth Allen and Carleen Wood, respectively, as his attorneys-in-fact. That same day, Wood, with both CD's in her possession, went to Mercantile Bank "on her father's behalf" to request that ownership of the CD's be changed from joint tenancy to tenancy in common. Wood spoke to Larry Laduke, a senior vice president of the bank, but Laduke would not make the change because he could not contact the bank's attorney. Vacil Allen died the following day. No change was made to either CD before his death.

On November 12, 1996, the Circuit Court of Miller County, Probate Division appointed Kenneth Allen and Carleen Wood personal representatives of the Vacil Allen estate. A dispute between the personal representatives and Dorothy Snelson arose concerning ownership of the two CD's. Uncertain as to the ownership, on December 5, 1996, Mercantile Bank filed a petition for interpleader in the Circuit Court of Miller County. The petition requested that the circuit court award the sum of the proceeds of the CD's ($72,-000.00) as it saw fit.

On December 24, 1996, defendants Kenneth Allen and Carleen Wood ("Respondents") filed their answer to Mercantile's petition for interpleader. Therein, they:

> den[ied] that Logan Allen directed [the CD's] to be retitled in the names of Vacil Allen and Dororthy Snelson as joint tenants with right of survivorship as said written directive makes no mention as to the form of ownership desired and, therefore, the form of ownership should have been tenancy in common and not joint tenancy with right of survivorship....

They also answered that Carleen Wood "had the lawful authority to change the form of ownership of the certificate of deposit in question and to change that ownership from joint tenancy to tenancy in common and that [Mercantile] should have allowed this change of ownership at the request of the co-owner, Vacil Allen." Thus, they claimed that one-half of the proceeds of the two CD's should be paid to Vacil Allen's estate.

On January 10, 1997, defendant Dorothy Snelson ("Appellant") filed her answer. Therein, she claimed the entire amount of the proceeds should be paid to her as a surviving joint tenant. Following a trial, on February 6, 1998, the circuit court entered a judgment declaring Dorothy Snelson as owner of one-half of the proceeds of each CD and Kenneth Allen and Carleen Wood as owners of the other one-half. Dorothy Snelson appealed.

## Standard of Review

In court-tried cases, such as the case at bar, we review according to Rule 73.01 as interpreted in *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976). We will sustain the judgment of the trial court unless there is no substantial evidence to support it, it is against the weight of the evidence or it erroneously declares or applies the law. *Id.* Under this standard, we accept all evidence and inferences favorable to the judgment and disregard all contrary inferences. *Superior Outdoor Advertising Co. v. Snadon,* 965 S.W.2d 421, 422 (Mo.App.1998).

## Discussion

Appellant argues that the trial court erred in awarding one-half of the proceeds of the CD's to Respondents because the evidence proved: (1) a joint tenancy with right of survivorship was created (in which Appellant was a joint tenant); and (2) no event operated to extinguish the joint tenancy prior to Appellant becoming the sole

surviving joint tenant and, thus, full owner of both CD's. Respondents contend, on the other hand, that the trial court's award was correct because, with respect to CD # 40980, no joint tenancy was created and, with respect to CD # 61336, the joint tenancy created at its issuance was destroyed when the CD was physically altered on September 5, 1995. Respondents argue, alternatively, that if either CD was owned by Appellant in joint tenancy, the joint tenancy was terminated by Carleen Wood's attempt, as Vacil Allen's attorney-in-fact, to change the form of ownership to tenancy in common on September 5, 1996.

We are, therefore, presented with two issues regarding both CD's. First, we determine whether a joint tenancy was created. If so, we determine whether the joint tenancy was terminated before Vacil Allen's death. We conclude that, with respect to both CD's, such a joint tenancy was created, and the joint tenancy did not terminate prior to Vacil Allen's death. Accordingly, we conclude that, upon Vacil Allen's death, Appellant became the sole owner of both CD's in question.

## A. Certificate of Deposit # 61336

■ Neither party disputes that when CD # 61336 was issued listing as its depositors "Logan Allen or Vacil Allen and Avonelle Snelson," there was created a joint tenancy with right of survivorship between Logan Allen, Vacil Allen and Appellant. The dispute concerns what form of ownership existed after September 5, 1995, the date on which Mercantile Bank, at the written direction of Logan Allen, physically altered the face of the CD such that it thereafter read, "Vacil Allen or Avonelle Snelson." Appellant argues that this act by Mercantile created a valid statutory joint tenancy with right of survivorship in her and Vacil Allen. Respondents argue, instead, "the action of Logan Allen and Mercantile Bank in altering [61336] and removing Logan Allen's name from it effectively terminated the statutory joint tenancy and left [Appellant] and Vacil Allen owning the certificate as tenants in

common." Respondents cite *Bowers v. Jones,* 841 S.W.2d 744 (Mo.App.1992) and *McGee v. St. Francois County Savings and Loan Association,* 559 S.W.2d 184 (Mo.1977) in support of the proposition that the sole contributor can terminate a joint tenancy by having the bank make physical changes on the CD. Respondents, however, misconstrue these cases.

In *McGee,* the late Walter McGee had owned two savings certificates issued by the Savings and Loan (S & L). One certificate was originally issued in the names of Walter and his wife, but after her death, the S & L drew a line through her name. The other certificate originally listed Walter as its sole owner. On February 11, 1974, the S & L at Walter McGee's instruction, added the name of Walter's nephew, Vernell McGee, and stamped the words "as joint tenants with right of survivorship and not as tenants in common" on both certificates. Then, on March 7, 1974, Walter McGee had the S & L draw lines through his nephew's name on the certificates so that they listed his name only. After Walter McGee's death, Vernell McGee brought suit against the S & L and the Walter McGee estate seeking a determination that he owned both certificates. However, the Missouri Supreme Court, recognizing that the February 11, 1974 addition of Vernell McGee's name on the certificates created valid joint tenancies, held that the March 7, 1974 deletion of Vernell's name from the certificates' faces effectively terminated those joint tenancies and conferred sole ownership of both certificates on Walter McGee, a title that endured until his death. *McGee,* 559 S.W.2d at 188.

■ Respondents are correct in noting that in *Bowers,* this court said that a joint tenant could terminate a statutory joint tenancy by having the bank make physical changes on the certificate. *Bowers,* 841 S.W.2d at 748. However, while a physical change on the face of a CD may terminate a joint tenancy, it may also create a new

joint tenancy. "A change in title is tantamount to terminating the account and replacing it with a new one." *Washington County Mercantile Bank v. Kennedy*, 855 S.W.2d 520, 523 (Mo.App.1993) (citing, *McGee*, 559 S.W.2d at 188). In *McGee*, when the bank altered the CD by adding Vernell McGee's name to the certificates (which had previously listed only Walter McGee as owner) and stamped the words "as joint tenants with right of survivorship and not as tenants in common" on them, a joint tenancy between Walter and Vernell McGee was then created. When the bank deleted Vernell McGee's name from the certificate, the joint tenancy between the two terminated. No joint tenancy existed thereafter, not merely because a physical change had been made on the certificate, but rather because the physical change was made to effectuate the intent of the sole depositor that only one owner remained named on the certificate.

Thus, *McGee* and *Bowers* do not lead us to conclude that altering the certificate created a tenancy in common. Altering the certificate and removing Logan Allen's name indeed terminated the original joint tenancy. However, it left Appellant and Vacil Allen owning the certificate together. The issue is whether this co-tenancy was a tenancy in common or a joint tenancy. Appellant argues that under Section 362.470.1, she and Vacil Allen created in themselves a valid statutory joint tenancy with right of survivorship. Respondents argue, in effect, that this new co-tenancy is not a statutory joint tenancy, because it is not in the name of the "depositor," Logan Allen. Section 362.470 provides that a joint tenancy is created "when a deposit is made by any person in the name of the depositor and any one or more other persons...." We do not decide this issue because even if Respondent is correct that there is no statutory joint tenancy, the language of the CD created a joint tenancy, nonetheless.

■ A CD is a contract, and a joint tenancy in a CD is generally created and terminated according to the terms of the CD. *Irondale Bank v. Crocker*, 913 S.W.2d 360, 361 (Mo.App.1996). The "Terms" of CD # 61336, after ownership was vested solely in Appellant and Vacil Allen, include the provision, "except as otherwise provided in any instrument or agreement evidencing the account, the account established jointly with any two or more persons shall be held and owned by the depositors as joint tenants with right of survivorship and not as tenants in common...." Therefore, the old account, a joint tenancy, was replaced by a new account, also a joint tenancy with right of survivorship.

■ We, therefore, next must determine whether the actions of Carleen Wood on September 5, 1996, terminated the joint tenancy between Appellant and Vacil Allen. We hold that they did not. Although Vacil Allen may have truly desired to change ownership of the CD to a tenancy in common, and Wood had authority to act on his behalf, Allen's purported request was not acted upon by Mercantile Bank. Rather, Mercantile refused to make any change to the CD because its attorney was not available for consultation that day. When Vacil Allen died the next day, no change had been made to the CD. In *McGee*, the Supreme Court said, "mere intent to terminate is not enough ... the joint account must actually be terminated." *McGee*, 559 S.W.2d at 187. There must be more than a contemplated change; it must be a completed change. *Id.* Since no actual termination of the joint tenancy with right of survivorship occurred before joint tenant Vacil Allen's death, Appellant is the full owner of CD # 61336.

### B. Certificate of Deposit # 40980

■ As to CD # 40980, Appellant argues that a joint tenancy between her and Vacil Allen was created when the CD was re-titled to "Dorothy Avonelle Snelson or Vacil Allen." Respondents disagree, arguing that when the CD was re-titled in the names of Appellant and her brother, "an

account in the name of the depositor and any one or more other persons was not made and a statutory joint tenancy was not established, leaving Vacil Allen and Dorothy Snelson owning as tenants in common." Respondents so argue because, prior to the name change, listed as depositors were "Logan Allen or Maude Allen." Thus, neither of the persons named as a depositor prior to the September 5, 1995 alteration remained listed as a depositor thereafter.

 Since the account must be in the name of the depositor and another person(s) to qualify as a statutory joint tenancy, *Thummel v. Thummel,* 609 S.W.2d 175, 181 (Mo.App.1980), Respondents argue that, after the names were changed on CD #40980 on September 5, 1995, no *statutory* joint tenancy was created. While Section 362.470 contains requirements for creating a joint tenancy thereunder, compliance with the statute is not the exclusive method of creating a joint tenancy for a certificate of deposit. Rather, "[i]f a deposit does not comply with the statutory method for creation of a joint tenancy account, ownership of the account is determined by the language of the deposit documents." *In re Estate of Hayes,* 941 S.W.2d 630, 633 (Mo.App.1997). So even if Respondents are correct, we must then look to the terms of the CD.

Again, whether joint tenancy is created is determined according to the terms of the CD. *Irondale Bank,* 913 S.W.2d at 361. The "Terms" of CD #40980 say that "if more than one of you are named [in the 'DEPOSITOR(S)' section], you will own this certificate as joint tenants with right of survivorship (and not as tenants in common)." Therefore, Appellant and Vacil became joint tenants on September 5, 1995, by mere virtue of being named in the "DEPOSITOR(S)" section of the certificate. Just as with certificate #61336, Carleen Wood's attempt to terminate that joint tenancy failed. Thus, Appellant became the full owner of CD #40980 upon Vacil Allen's death.

We reverse the decision of the trial court and remand with directions to enter judgment in accordance with this opinion.

All concur.